```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        )
                                )
          vs.                   )    Criminal No. 05-186
                                )
THOMAS MORTIMER, III,           )
                                )
          Defendant.            )
```

O R D E R

AND NOW, this 3rd day of April, 2007, upon consideration of Defendant Thomas M. Mortimer's pro se "Motion for Correction of Sentence Computation Pursuant to Fed. Civ. R.P. 60(b)(1)" (document No. 33) filed in the above-captioned matter on February 2, 2007, and the Amendment thereto (document No. 35) filed in the above-captioned matter on February 16, 2007, and upon further consideration of the Government's "Motion to Dismiss and Response to Defendant's Motion for Correction of Sentence Computation Pursuant to Rule 60(b)" (document No. 37) filed in the above captioned matter on March 21, 2007,

IT IS HEREBY ORDERED that the Government's Motion to Dismiss is GRANTED, and the Defendant's Motion for Correction, as amended on February 16, 2007, is DISMISSED.

AND, FURTHER, upon consideration of Defendant's pro se "Motion for Default Judgment Pursuant to Rule 7" (document No. 34)

filed in the above-captioned matter on February 16, 2007, and upon further consideration of the Government's Response thereto,

IT IS HEREBY ORDERED that said Motion is DENIED.

Defendant was indicted in this case on one count of conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371 (Count One), and one count of interstate transportation of property taken by fraud, in violation of 18 U.S.C. §§ 2314 and 2 (Count Two).  On October 12, 2005, Defendant changed his previous plea of not guilty as to Count One to a plea of guilty.  In connection with his change of plea, he and the Government entered into a plea agreement (document No. 19) which included a provision that Defendant "further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."  The Court accepted Defendant's plea, and he was subsequently sentenced to 30 months' imprisonment and three years of supervised release. Defendant now has filed the present motion seeking a correction of his sentence under Federal Rule of Civil Procedure 60(b), which the Government has moved to dismiss.

The first problem with Defendant's motion is that Civil Rule 60(b) is an inappropriate vehicle to vacate a criminal sentence.  See United States v. Pope, 124 Fed. Appx. 680, 682 (2d Cir. 2005); United States v. Wallace, 82 Fed. Appx. 701, 701 (1st

Cir. 2003). The Federal Rules of Civil Procedure govern "suits of a civil nature." Fed. R. Civ. P. 1. They do not apply in criminal cases.[1] Defendant has no civil action pending before this Court; the sentence he seeks to have amended was rendered in a criminal case, not an action of a civil nature. Indeed, his motion was filed in his criminal case under the criminal case number pertaining to that case. Accordingly, Civil Rule 60 does not apply and provides no basis for jurisdiction for this Court to amend Defendant's criminal sentence in this case.

However, this is not the only problem with Defendant's motion. In certain circumstances, the Court can construe a pro se motion seeking habeas relief, but filed under an improper rule or statute, as a 28 U.S.C. § 2255 motion. See United States v. Miller, 197 F.3d 644 (3d Cir. 1999). Indeed, such a motion would be the ordinary vehicle by which to seek the relief sought in Defendant's motion. However, here it is irrelevant whether the Court considers Defendant's motion to be a Civil Rule 60(b) motion or a Section 2255 motion because, in any event, he clearly and unambiguously waived his right to file any collateral proceeding attacking his conviction or sentence.

---

[1] While Civil Rule 60(b) may be used, under certain circumstances, to set aside a habeas denial, Defendant has not filed a motion under 28 U.S.C. § 2255 or any other habeas action. The rule does not itself confer jurisdiction for the sentencing court to provide habeas relief. See Pope, 124 Fed. Appx. At 682.

A criminal defendant's waiver of his right to file a motion under Section 2255 or to otherwise seek collateral relief is valid if entered into "knowingly and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 562-63 (3d Cir. 2001); United States v. Perry, 142 Fed. Appx. 610, 611-12 (3d Cir. 2005).  See also United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Watson v. United States, 165 F.3d 486, 488-89 (6th Cir. 1999); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  In the present case, Defendant does not allege, much less present evidence suggesting or establishing, that he entered into the waiver contained in the plea agreement unknowingly or involuntarily.  Further, Defendant does not allege that enforcing the waiver will work a miscarriage of justice,[2] nor is there anything in the record that would suggest that enforcement would work such a miscarriage of justice.[3]

As noted, it does not matter whether Defendant's motion is construed as a Civil Rule 60(b) motion or a Section 2255 motion; he

---

[2] Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247 (3d Cir. 1999).  However, even a pro se litigant must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In this case, as discussed, Defendant does not even allege, much less attempt to prove, that the waiver in this case was invalid.

[3] Indeed, a review of Defendant's substantive claims indicates that they are patently frivolous.

has waived the right to file any collateral attack on his sentence. Accordingly, Defendant's motion, as amended, is dismissed.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record